UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BROWN, JR.,

    Plaintiff,

v.                                               Case No. 1:08-cv-183
                                               Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).[1]

        Plaintiff was born on April 12, 1959 and completed three years of college (AR 81, 117).[2] He alleges a disability onset date of April 6, 2001 (AR 81). Plaintiff had previous employment as an information technology consultant, education technology consultant, account manager, retail store manager, and sales representative (AR 118). Plaintiff identified his disabling conditions as congestive heart failure, cardiomegaly, tuberculosis, sleep apnea, high blood pressure, chronic bronchitis and hypertension (AR 109). In his disability report, plaintiff stated that his condition limits his ability to work by causing fatigue and weakness, shortness of breath upon

---

[1] The court notes that plaintiff's brief identifies him as "Robert Brown, Jr." rather than "Richard Brown, Jr." *See* docket no. 6.

[2] Citations to the administrative record will be referenced as (AR "page #").

exertion, wheezing, coughing up phlegm, swelling in ankles and legs, and pain in the spine when bending over and sitting (AR 109).

By way of background, plaintiff applied for DIB on September 5, 2001 (AR 18). The claim was denied by an Administrative Law Judge (ALJ) in a decision dated March 25, 2004 (AR 18). The Appeals Council vacated the ALJ's decision and remanded for further proceedings (AR 18). A different ALJ held a hearing on October 4, 2005, reviewed plaintiff's claim *de novo* and entered a decision granting his claims in part on July 25, 2006 (AR 18-26). The Appeals Council denied plaintiff's request for review on December 21, 2007 (AR 5). The ALJ's July 25, 2006 decision, being the final decision of the Commissioner, is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not

undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

3

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

As an initial matter, the ALJ found that plaintiff was insured for DIB from the alleged onset of disability in April 2001 through December 31, 2005 (AR 24). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (AR 24). At step two, the ALJ found that he suffered from severe impairments of "dilated hypertensive cardiomyopathy with congestive heart failure tendency, chronic obstructive pulmonary disease, sleep apnea, carpal tunnel syndrome, depression, and history of substance abuse" (AR 25). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 25). The ALJ made two separate disability determinations for plaintiff at steps four and five.

### A. Plaintiff's residual functional capacity (RFC) prior to June 30, 2003

For the period of time prior to June 30, 2003, the ALJ decided at the fourth step that plaintiff had the RFC:

> to perform simple, unskilled light work with no climbing of ladders, ropes or scaffolds; only occasional climbing of ramps or stairs; only occasional kneeling, stooping, crouching or crawling; no forceful grasping or pinching with either hand; no work around unprotected moving machinery or at unprotected heights; no concentrated exposure to fumes, odors, dust, gases, or other respiratory irritants; and no use of air, pneumatic, torque, or other power tools. From a mental standpoint, he was limited to work that did not require taking initiative or making independent

>decisions, that did not require more than minimal contact with coworkers, and jobs that allow him to receive occasional daily instructions from supervisors.

(AR 25).

The ALJ found that plaintiff could not perform any of his past relevant work (AR 25). At the fifth step, the ALJ determined that plaintiff could perform a significant range of light work in Michigan, including the following jobs: information clerk (3,000 jobs); bookkeeper/accounting clerk (2,500 jobs); and security guard/monitor (2,000 jobs) (AR 26). Accordingly, the ALJ determined that plaintiff was not under a disability as at any time prior to June 30, 2003, and entered a decision denying benefits (AR 26).

### B.     Plaintiff's RFC beginning June 30, 2003

On June 30, 2003, plaintiff was admitted to the hospital with an acute exacerbation of his congestive heart failure (AR 20). As a result of this worsening condition, the ALJ found that plaintiff had a much more restrictive RFC from June 30, 2003 through the date of the decision, which limited plaintiff to the following activities:

> simple, unskilled light work with no climbing of ladders, ropes, or scaffolds; only occasional climbing of ramps or stairs; only occasional kneeling, stooping, crouching or crawling; no forceful grasping or pinching with either hand; no work around unprotected moving machinery or at unprotected heights; no concentrated exposure to fumes, odors, dust, gases, or other respiratory irritants; and no use of air, pneumatic, torque, or other power tools. From a mental standpoint, he is limited to work that does not require taking initiative or making independent decisions, work that does not require more than minimal contact with coworkers, and jobs that allow him to receive occasional daily instructions from a supervisor. Additionally, since June 30, 2003, the claimant has been unable to maintain concentration and stay on task, or persist at any significant work effort on a sustained basis for a regular eight-hour work day.

(AR 25).

The ALJ further found that beginning June 30, 2003 through the date of this decision, jobs do not exist in significant numbers in the national economy that plaintiff could perform (AR 25). Accordingly, the ALJ determined that plaintiff has been disabled since June 30, 2003 and was entitled to a period of disability beginning on that date (AR 26).

## III.  ANALYSIS

Plaintiff raises one issue on appeal:

**The Commissioner erred as a matter of law in failing to properly follow the Appeals Council remand order and by failing to properly evaluate the "severe" impairment of depression in accordance with 20 C.F.R. § 404.1520A and § 416.920A only as it relates to the time period before June 30, 2003.**

The gist of plaintiff's claim is that this court should reverse the ALJ's July 25, 2006 decision, because the ALJ failed to follow the Appeals Council's March 18, 2005 order, which vacated an ALJ's decision and remanded the case for the resolution of three issues (AR 71-73). Plaintiff contends that the ALJ failed to properly address two of the three issues addressed in the order of remand.

First, the Appeals Council directed the ALJ to address a psychologist's opinions:

> The hearing decision, page 4, discusses some of the findings of a consulting psychologist, Joseph A. Jeney, Ph. D., who examined the claimant in April 2002. Dr. Jeney noted that he had previously treated the claimant in marriage counseling and opined that he thought the claimant would be working if he was medically able to do so. However, the decision does not address this opinion. Further, the decision does not address the opinion of a State agency psychiatric consultant that the claimant would be restricted to unskilled work (Exhibit 14F). Further evaluation and discussion are needed.

(AR 71).

Second, the Appeals Council directed the ALJ to clarify certain inconsistencies in the ALJ's decision regarding the severity of plaintiff's mental impairments:

> The hearing decision includes inconsistent findings regarding the nature and severity of the claimant's mental impairments and any resulting limitations. The decision, page 6, indicates that the claimant has moderate deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner. In explanation of this rating, the decision concludes that the claimant can sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks, then states that he has some deficiencies in this area which would result in incomplete tasks. The inability to complete tasks suggests that the claimant has a severe mental impairment. However, the decision does not find that the claimant has a severe mental impairment and does not include any mental limitations in establishing the claimant's residual functional capacity. Consequently, further analysis and clarification are required to resolve these apparent inconsistencies.

(AR 71-72). After identifying these issues, the Appeals Council directed the ALJ to perform a number of tasks on remand, which included: giving consideration to the examining source opinion and non-examining source opinion, and further evaluating the claimant's mental impairments in accordance with the special technique described in 20 C.F.R. § 404.1520a (AR 72).

Plaintiff is asking this court to review whether the ALJ complied with the Appeals Council's order of remand. Specifically, plaintiff contends that the ALJ erred because he failed to evaluate both Dr. Jeney's opinion and plaintiff's severe impairment of depression as directed by the Appeals Council. Plaintiff's Brief at 3-6.

Plaintiff's appeal is inappropriate, because it seeks to have this court review an internal agency matter. Neither party addresses the preliminary question of whether this court has jurisdiction to review plaintiff's claim that the ALJ failed to follow the Appeals Council's instructions during the course of an administrative review. Nevertheless, the court concludes that it lacks jurisdiction to address plaintiff's claims.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by

Constitution and statute. . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted.) The existence of subject matter jurisdiction may be raised at any time, on a party's motion or sua sponte by the court. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in the statute. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a) (1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5).

With respect to step 4, Appeals Council review, the applicable regulations provide that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). Whether an ALJ complies with an Appeals Council order of remand is

an internal agency matter which arises prior to the issuance of the agency's final decision. By failing to remand the matter a second time, it appears that the Appeals Council considered the ALJ's July 25, 2006 review to be in compliance with the Council's previous order of remand (AR 5). Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process. *See, e.g., Bass v. Astrue*, No. 1:06-cv-591, 2008 WL 3413299 at *4 (M.D.N.C. Aug. 8, 2008) ("[t]he Court does not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order"). Accordingly, plaintiff's appeal should be dismissed for lack of jurisdiction.

## IV. Recommendation

Accordingly, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: January 23, 2009               /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).